Aaron M. Klaw, Plaintiff, v. Samuel W. Ehrich and Another, Defendants.— Plaintiff's excep-

tions sustained and new trial granted, with costs to plaintiff to abide event.—

FOLLETT, J.: No exceptions were taken to the admission or exclusion of evidence, and the only questions presented on this motion are those raised by the plaintiff's exceptions to the dismissal of the complaint and the refusal of the court to submit to the jury the question whether the plaintiff was discharged by the defendants. The plaintiff testified, and in this he was not disputed, "My duties (from January 1 to April 1, 1892) were to direct the interior working of the business, to see that the employees did their duties, and to take charge of the office and the office force of the employees in the office." On the 1st of April, 1892, Samuel W. Ehrich, one of the defendants, wrote the plaintiff stating, in effect, that his services had not been profitable and "taking it altogether, as a question of self-interest, I feel as though it does not pay us to have you fill your present position, and I feel entirely too friendly toward you to have you sacrifice your time, with the knowledge that there is no future for you with us. So if we can bring our relations to a close in a manner thoroughly pleasant and agreeable to yourself, I should like to do so." On the following day the plaintiff and Samuel W. Ehrich had an interview, in which he said to the plaintiff, "No, the expenses of the business are high. Mr. Leghorn is going to stay and be superintendent, and I am going to put Mr. Mansfield in the office, and I am willing to make some sacrifice, but I want you to have the best of feeling towards the house and think of me personally as a —— of a good fellow." Mr. Mansfield was the superintendent and Mr. Leghorn was the assistant superintendent of defendants' business. Later in the day of April second, the defendants wrote the plaintiff as follows: "Agreeable to our conversation of this afternoon, will you kindly get your memorandum, papers and desk ready to turn over to Mr. Mansfield on Monday." On Monday another conversation occurred in which the defendants said: "How will $500 strike you as a fair thing?" The plaintiff replied that he preferred to carry out his contract, and on the same day he wrote the defendants to that effect. Later in the day Samuel W. Ehrich came to the plaintiff's desk and the following occurred: "I (Samuel W. Ehrich) want you to get your papers ready to give up your desk to Mr. Mansfield to-day. I (plaintiff) did not reply to that and he went away. In the afternoon of that day, about five o'clock, Mr. Sporburg, one of the employees of the house, comes in and said that Mr. Samuel W. Ehrich told him to tell me to give him the keys of my desk." Later in the day the plaintiff delivered to Mr. Samuel V. Ehrich the keys, who replied, "All right." The next morning the plaintiff went to defendants' store and found Mr. Mansfield occupying the desk which he had previously occupied. On this occasion both parties spoke of taking legal advice, each claiming to have a good case. On the fifth of April the plaintiff consulted counsel, who wrote the defendants, the letter being delivered by the plaintiff to Mr. Samuel W. Ehrich. On that occasion Mr. Ehrich said, "You cannot occupy my office." The plaintiff asked, "What have you got for me to do?" The defendant replied, "I have nothing for you to do." On the same day the plaintiff wrote the defendants referring to the fact that he had been told that defendants had nothing for him to do. About this time the defendants consulted counsel, and, on the seventh of April wrote the plaintiff: "I am willing to give you the work that your contract calls for, and will give you until to-morrow to present yourself and return to work and do what you are

told to do. If you do not by that time return to your duties I shall conclude that you have no wish to do so and prefer to earn your salary by means of a law suit rather than by work." Other correspondence ensued between the seventh and eleventh which is not very important, as it, on the part of the plaintiff, simply shows that he was insisting that he had been discharged and the defendants were insisting that he had not been. The litigants, under the advice of their respective counsel, were manœuvring for advantageous legal positions. On the morning of the eleventh the plaintiff called on the defendants and the following conversation occurred: "'I (Samuel W. Ehrich) have other and different work for you to do.' I said, 'Do you wish to restore me to my original position?' He said, 'No, I have got other and different work for you to do and if you don't want to do it, I think you want to make your money through Blumenstiel & Hirsch instead of working for it. I will give you until two o'clock to-day to consider.'" The plaintiff left the store and has not been there since. Considerable other evidence was introduced in behalf of the plaintiff, and taking it altogether it seems to us that it was sufficient to require the submission to the jury of the question whether he was discharged from the defendants' service, and that the court erred in refusing this request and in dismissing the complaint. The plaintiff's exceptions should be sustained and his motion for a new trial granted, with costs to him to abide event. Van Brunt, P. J., and Parker, J., concurred.